Green, J.,
delivered the opinion of the court.
This is an action on the case by a landlord against the defendant for damages sustained by the plaintiff, by reason of the defendant’s purchase of part of the crop raised by the plaintiff’s tenant.
The record shows that Bryan rented land to one Myers for twenty-five barrels of corn; that he brought suit for the value of said rent corn; obtained judgment for twenty-five dollars *562 and issued his execution, which was returned “no property found.” Myers raised a crop of tobacco on the land, and before the rent was due, sold said tobacco to Buckholder, who had notice the plaintiff had a lien on it for the payment of his rent. The court charged the jury, “that the lien given to the landlord, by the act of 1825, did not authorize the landlord to maintain an action at law against the purchaser of the crop raised upon the premises from the tepant, but that said act of 1825, simply gives to the landlord a priority of satisfaction for •three months after the rent falls due.” The jury found for ■the defendant, and he appealed to this court.
We 'think there is no error in the charge of the court. The .act of 1825, ch. 21, sec. 1, gives the landlord a lien on the crop,-and declares that the debt for rent “shall have precedence over all other debts” for three months after the rent shall fall due. By its plain meaning, a priority of satisfaction only is given. This question was fully decided in the case of Hardeman vs. Shumate, Meigs Rep. 402, with which judgment, .and the reporter’s note to the case, we now fully concur. It may be true, as argued, that the objects of this statute will be defeated by unprincipled tenants; nevertheless, the courts can 'extend the remedy no further than the legislature has thought proper to go in the statute. It is impossible to devise a system of law, .that will always afford relief for injuries sustained by means of unprincipled men. And this is but one of •the many instances where the party is without remedy.
As the sum here sued for is under fifty dollars, it is suggested that the act of 1817, ch. 86, sec. 1, authorizes the justice of the peace to proceed on principles of equity; and that in •such case, equity would afford relief. That act authorizes justices, in cases under fifty dollars, to determine them on their merits, and to hear proof to impeach the consideration of any note or bond. We understand the act, as permitting *563 an enquiry into the consideration of any contract under fifty dollars, whether the same be with or without seal, so as to determine the case on its merits. It cannot mean to confer on a justice of the peace, all the powers of a court of chancery in cases under fifty dollars.
There is no error in the record, and we affirm the judgment.